1

2

3

4

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| 5  McRO, Inc., d.b.a. Planet Blue, | **CASE No. 2:14-cv-00389-GW (FFMx)** |
| 6 | **Honorable George H. Wu** |
| 7              Plaintiff, | **[~~PROPOSED~~] PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS** |
| 8        v. | |
| 9  Codemasters USA Group, Inc. and The Codemasters Software Company Limited, | |
| 10 | |
| 11 | |
| 12              Defendants. | |
| 13  McRO, Inc., d.b.a. Planet Blue, | **CASE No. 2:14-cv-00439-GW (FFMx)** |
| 14 | **Honorable George H. Wu** |
| 15              Plaintiff, | |
| 16        v. | |
| 17  Codemasters, Inc. and The Codemasters Software Company Limited, | |
| 18 | |
| 19 | |
| 20              Defendant. | |

21

22

23

24

25

26

27

28

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, it is hereby ORDERED THAT:

1.   **DEFINITIONS**.  The terms defined in this Section 1 and parenthetically elsewhere shall, throughout this Order, have the meanings provided.  Defined terms may be used in the singular or plural.

1.1   The "Action" means the each of the above-captioned litigations transferred in to the Central District of California, including McRO, Inc. d.b.a. Planet Blue v. Codemasters USA Group. Inc. and The Codemasters Software Company Limited, Case No. 2:14-cv-00389-GW (FFMx); and McRO, Inc. d.b.a. Planet Blue v. Codemasters, Inc. and The Codemasters Software Company Limited, Case No. 2:14-cv-00439-GW (FFMx).

1.2   "Party" means a party to the Action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1.3   "Material" means all information, documents, testimony, and things produced, served or otherwise provided in this action by any Party or by any non-party.

1.4   "Designated Material" means any Material that is designated "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", and/or "RESTRICTED CONFIDENTIAL – SOURCE CODE" under this Order.

1.4   "Designating Party" means a Party or non-party that designates any Material in productions, in disclosures, or in responses to

2

discovery as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", and/or "RESTRICTED CONFIDENTIAL – SOURCE CODE."

1.5   "Producing Party" means any Party or non-party that discloses or produces Material in this Action.

1.6   "Receiving Party" means any Party receiving production or disclosure of Material in this Action.

1.7   "Confidential Material" means information, documents, and things the Designating Party believes in good faith constitutes trade secret or other confidential research, development, or commercial information that is maintained in confidence by the Designating Party and not generally known to others.

1.8   "Attorneys' Eyes Only Material" means Confidential Material that the Designating Party believes in good faith has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury.

1.9   "Restricted Confidential – Source Code Material" means Confidential Material, if any, that constitutes, relates to, or describes human-readable programming language text that defines software or firmware, pseudocode, or other sensitive code (collectively, "Source Code") that has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury.

1.10  "Counsel of Record" means (i) outside counsel who has entered an appearance as counsel for a Party and has not subsequently withdrawn, (ii) partners, principals, counsel, associates, employees and contract attorneys of such outside counsel to whom it is reasonably necessary to disclose the information for this Action, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, and/or (iii)

independent legal translators retained to translate in connection with this Action, or independent shorthand reporters retained to record and transcribe testimony in connection with this Action.

1.11 "Outside Consultant" means any person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by Counsel of Record to serve as an expert witness, or as a consultant in this Action, and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a Party.

1.12 "Professional Vendors" means any persons or entities that provide litigation support services and their employees and subcontractors who have been retained or directed by Counsel of Record in this action, and who are not current employees of a Party or of a competitor of a Party and who, at the time of retention, are not anticipated to become employees of a Party or of a competitor of a Party. Litigation support services include but are not limited to: photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc. Professional Vendors include ESI vendors and professional jury or trial consultants retained in connection with this litigation. Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

1.13 "Termination" means the dismissal of the Action (whether through settlement or otherwise), or the entry of final judgment and expiration of all periods to appeal or to seek judicial review of such judgment or dismissal.

1.14 "Affiliate" shall mean, with respect to any Party, any other entity controlling, controlled by, or under common control with that Party.

As used in this definition, the term "control" means the ownership of more than fifty percent (50%) of the ownership or equity interests of such entity.

2.   **SCOPE**.

2.1 The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's deadlines provided in any scheduling order or discovery order issued by the Court. Identification of any individual pursuant to this Order does not make that individual available for deposition, or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's deadlines provided in any scheduling order or discovery order issued by the Court.

2.2   This Order does not confer any right to any Defendant's in-house attorney to access the Designated Material of any other Defendant.  Furthermore, absent a specific agreement, no Defendant is required to produce its Designated Material to any other Defendant or Defendant's counsel, but nothing in this Order shall preclude such production.  Notwithstanding the provisions of this Protective Order, any Designated Material designated by a Defendant shall not be disclosed by the Plaintiff to any other Defendant or Defendant's counsel (except in Court filings otherwise complying with this Order) absent explicit written agreement from the producing Defendant, but nothing herein shall prohibit Counsel of Record for any party from access to complete Court filings or oral argument in Court if necessary.

2.3   Nothing herein applies to evidence presented at any open court proceeding (including trial). Any protective measures relating to

5

confidential information that may be disclosed during any open court proceedings should be taken up with the judicial officer conducting the proceeding at the appropriate time.

3. **MATERIAL DESIGNATED "CONFIDENTIAL."** Any Designating Party may designate as "CONFIDENTIAL" any Material that the party believes in good faith constitutes Confidential Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Material designated "CONFIDENTIAL" only to:

    (a)    Persons who appear on the face of the Designated Material as an author, addressee, or recipient thereof;

    (b)    Up to two (2) in-house employees of a Receiving Party (including a parent or affiliate of a Receiving Party), and necessary secretarial staff, who are responsible for providing oversight of or assistance in the litigation, provided that any such employee or staff has signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and provided an executed copy to the Producing Party prior to receiving any Designated Material;

    (c)    Counsel of Record for the Designating Party or the Receiving Party;

(d)    Outside Consultants of the Receiving Party (including necessary employees of the Outside Consultants) to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B, with the provisions of Section 6 being complied with prior to receiving any Designated Material;

(e)    Witnesses at deposition and/or trial consistent with the provisions of Section 7 below, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

(f)    The Court and its personnel, any technical advisor that the Court may appoint, and any Jury impaneled in the Action;

(g)    Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff;

(h)    Court reporters and videographers employed in connection with this case;

(i)    Professional Vendors to whom disclosure is reasonably necessary for this Action;

(j)    Jury consultants, trial consultants, or mock jurors selected by counsel in preparation for trial, provided they have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A; and

(k)    Any other person authorized by written agreement of the Producing Party and the Receiving Party or by order of the Court.

7

1          4.      **MATERIAL DESIGNATED "ATTORNEYS' EYES ONLY."**

2    Any Designating Party may designate as "ATTORNEYS' EYES ONLY" any

3    Material that the party believes in good faith constitutes Attorneys' Eyes Only

4    Material.  Unless otherwise ordered by the Court or permitted in writing by the

5    Designating Party, Material designated as "ATTORNEYS' EYES ONLY" shall

6    be treated as Material designated as "CONFIDENTIAL" with the further

7    restriction that it shall not be disclosed to any person identified in Sections 3(b)

8    above.

9          5.      **MATERIAL DESIGNATED "RESTRICTED CONFIDENTIAL**

10   **– SOURCE CODE."**  Any Designating Party may designate as "RESTRICTED

11   CONFIDENTIAL – SOURCE CODE" any Material that the party believes in

12   good faith constitutes Restricted Confidential – Source Code Material.  Unless

13   otherwise ordered by the Court or permitted in writing by the Designating Party,

14   Material designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE"

15   shall be treated as Material designated as "ATTORNEYS' EYES ONLY" with

16   the further restriction that (i) it shall not be disclosed to any person identified in

17   Sections 3(g), 3(i), or 3(j) above; (ii) shall be disclosed to no more than three

18   persons identified in Section 3(d) above; and (iii) such Material is subject to the

19   provisions of Section 8 of this Order.

20         6.      **DISCLOSURE TO OUTSIDE CONSULTANTS.**  No disclosure

21   of Designated Material to Outside Consultants shall occur until the notice and

22   resolution of objection procedures of this Section are followed.

23              6.1    Notice. If a Receiving Party wishes to disclose another Party's

24              Designated Material to any Outside Consultant, such Receiving Party

25              must provide notice to counsel for the Designating Party, which notice

26              shall include: (a) the individual's name and business title; (b) business

27              address; (c) business or profession; (d) the individual's CV; (e) any

28              previous or current relationship (personal or professional) with any of the

8

Parties or any entity that the either Receiving Party or the Outside Consultant has reason to believe is an Affiliate of any of the Parties; (f) a list of other cases in which the individual has testified (at trial or by deposition) within the last four years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years; and (h) a signed copy of the "Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B.

6.2   Objections.  The Designating Party shall have seven (7) business days from receipt of the notice specified in Section 6.1 to object in writing to such disclosure (plus three (3) extra days if notice is given other than by hand delivery, e-mail transmission or facsimile transmission). Any such objection must set forth in detail the grounds on which it is based. After the expiration of the 7-day (plus 3-days, if appropriate) period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within the 7-day (plus 3-days, if appropriate) period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order. In the event the Designating Party makes a timely objection, the parties shall promptly meet and confer to try to resolve the matter by agreement. If the parties cannot reach an agreement, the Objecting Party may, within five (5) business days following the meet and confer, file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant, or for other appropriate relief.  If the Objecting Party files a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual

until and unless a final ruling allowing such disclosure is made by this Court, or by the consent of the Objecting Party, whichever occurs first. If the Objecting Party fails to file a motion for a protective order within the prescribed period the Designated Material may thereafter be disclosed to such individual.

7. **USE AT DEPOSITION OR TRIAL**.

7.1   A present director, officer, agent, employee, designated Rule 30(b)(6) witness, and/or Outside Consultant of a Producing Party may be shown at deposition or at trial and examined on all Designated Material that has been produced by that Party;

7.2   A former director, officer, agent and/or employee of a Producing Party may be shown at deposition and examined on all Designated Material that the Receiving Party's Outside Counsel reasonably and in good faith believes the witness to have received or that refers to matters of which the witness has personal knowledge, that has been produced by that Party, and that pertains to the period or periods of his or her employment, engagement, or relationship with the Producing Party;

7.3   Non-parties may be shown at deposition and examined on any document containing Designated Material of a Producing Party that appears on its face, or which the Receiving Party's Outside Counsel reasonably and in good faith believes based on other documents or testimony, to have been received from or communicated to the non-party. Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order, shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is

represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit A. In the event that such attorney declines to sign the Acknowledgement and Agreement To Be Bound By Protective Order prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

7.4   A witness who previously had access to a document designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" but who is not under a present non-disclosure agreement with the Producing Party that covers that document, may be shown the document at deposition if the witness is advised on the record of the existence of the Protective Order and that the protective order requires the parties to keep confidential any questions, testimony or documents that are designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE."  The witnesses may not copy, take notes on or retain copies of any Designated Material used or reviewed at the deposition. The witness may not take out of the deposition room any exhibit that is marked "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE".  The Producing Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by a witness who is not subject to this Order or his counsel who is not subject to this Order, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of one of the counsel representing a party in this

1    case (or another firm acting for one of the counsel representing a party in

2    this case and under the supervision of one of the lawyers who is bound by

3    the terms of this Order).

4         7.5  Except as may be otherwise ordered by the Court, and without

5    limitation as to any of the other provisions of this section, any person may

6    be examined as a witness by deposition, and may testify concerning all

7    Designated Material of which such person has prior knowledge.

8         7.6  Notwithstanding any sub-Section of this Section 7, no copies of

9    Designated Material may be provided to any deponent other than for

10   purposes of the examination without the written consent of the Producing

11   Party.

12       8.    **PRODUCTION OF SOURCE CODE**.  To the extent any Party's

13   Source Code is relevant and discoverable in this Action, this Section shall

14   govern the production of Source Code in this Action.  The provision of this

15   section shall also be available for the production of Source Code by non-parties,

16   however, such production may be governed by a supplemental confidentiality

17   order negotiated between the Receiving Party and the non-party.

18       8.1   Source Code designated as "RESTRICTED CONFIDENTIAL

19   – SOURCE CODE" shall be made available for the Receiving Party's

20   inspection.  Source Code designated as "RESTRICTED

21   CONFIDENTIAL – SOURCE CODE" shall be maintained by the

22   Producing Party and made available for inspection by the Receiving Party

23   only on a single stand-alone computer (that is, a computer not connected

24   to any network, the Internet, or any peripheral device other than a

25   keyboard, mouse, and monitor).  Any reasonable request for production of

26   Source Code on additional stand-alone computers shall be considered in

27   good faith and not be unreasonably withheld.  The stand-alone computer

28   shall be maintained in a secured location at the offices of the Producing

Party's outside counsel or at the offices of the Party, access to which shall be controlled by reasonable physical (*e.g.*, locked doors) and electronic (*e.g.*, password or other access provisions) security measures. Use of any input/output device (*e.g.*, USB memory stick, CDs, floppy disk, portable hard drive, etc.) is prohibited while accessing the computer containing the Source Code, and the Receiving Party shall not attempt to use any peripheral device of any kind (other than the keyboard, mouse, and monitor provided by the Producing Party) with the stand-alone computer, nor shall the Receiving Party attempt to install any software on the stand-alone computer. Should the Receiving Party desire particular software, including searching and analytic tools, to be installed, it shall provide that software to the Producing Party, request that the Producing Party install that software and describe that software's purpose, which request shall be considered in good faith. The Receiving Party shall not at any time use any compilers, interpreters or simulators in connection with the Producing Party's Source Code.

8.2    Inspection of Source Code shall be permitted during regular business hours (weekdays 9:00 a.m. to 5:00 p.m.) on reasonable notice of at least two business days, absent exigent circumstances or otherwise agreed to by the Producing Party. Should a Receiving Party desire to inspect a Producing Party's Source Code outside of regular business hours (*i.e.*, on weekends, or on weekdays other than between 9:00 a.m. and 5:00 p.m.), the Receiving Party shall give five days' notice and shall pay reasonable fees for those employees/staff who work outside of regular business hours to monitor the inspection.

8.3    At the Producing Party's selection, the secure location will be at the offices of the Producing Party's Counsel of Record or at the offices of the Party. Source Code and/or documents or items designated as

1    "RESTRICTED CONFIDENTIAL – SOURCE CODE" shall be available

2    for inspection only until the close of expert discovery.

3        8.4   The Receiving Party may create a back-up copy of the Source

4    Code on the stand-alone computer.  The software installed on the stand-

5    alone computer, including any searching or analytical tools, may annotate,

6    number the lines of, and label the pages of, the back-up copy of the code.

7    Any back-up copies will remain on the stand-alone computer and be

8    subject to all of the provisions of this Order.

9        8.5   No person shall copy, e-mail, transmit, upload, download,

10   print, photograph, or otherwise duplicate any portion of Source Code, or

11   documents or things designated "RESTRICTED CONFIDENTIAL –

12   SOURCE CODE," except as follows:

13       (a)   The Receiving Party may request a reasonable number of

14   pages of Source Code to be printed.  A reasonable number of pages means

15   no more than 2,000 pages of Source Code per defendant, no more than

16   100 pages of Source Code per game, and in any case, no more than 25

17   contiguous pages of Source Code, on 8.5" x 11" paper with a font no

18   smaller than Courier 10pt.  The parties agree to negotiate printing beyond

19   these page limits in good faith should the need arise.  Within three (3)

20   business days or such additional time as necessary due to volume

21   requested, the Producing Party shall provide the requested material on

22   marked paper bearing bates-numbers and the legend "RESTRICTED

23   CONFIDENTIAL – SOURCE CODE."

24       (b)   Any printed pages of Source Code, and any other documents

25   or things designated as "RESTRICTED CONFIDENTIAL – SOURCE

26   CODE," may be photocopied, but not digitally imaged, e-mailed,

27   transmitted, uploaded, downloaded, photographed, or otherwise

28   duplicated, to be provided to Outside Consultants.  Apart from such

photocopies, any printed pages of Source Code, and any other documents or things designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE," may not be copied, digitally imaged, e-mailed, transmitted, uploaded, downloaded, photographed, or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, court filings, or court presentations.

(c)   A Receiving Party that wants to use any Source Code, or other documents or things designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE," at a deposition may, no earlier than 72 hours prior to any such deposition, make only as many copies, and only of the specific pages, as it intends to actually use at the deposition.  At the conclusion of the deposition, the Producing Party (or its designee) will collect each copy of such material and will retain the original of any such exhibit, which shall not be appended to the transcript of the deposition.

(d)   A Receiving Party that wants to file or otherwise submit any Source Code, or other documents or things designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE," to the Court in connection with a filing may, no earlier than 72 hours prior to the relevant filing, make only as many copies, and only of the specific pages as needed, for submission to the Court and shall file any and all such copies of the materials with an application to file under seal.  Unless agreed to by the Producing Party, images or copies of source code shall not be included in correspondence between the parties.

8.6   Any paper copies, documents, or things designated "RESTRICTED CONFIDENTIAL – SOURCE CODE" shall be stored or viewed only at (i) the offices of Counsel of Record for the Receiving Party; (ii) the offices of Outside Consultants who have been approved to access "RESTRICTED CONFIDENTIAL – SOURCE CODE" materials;

15

(iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial, or deposition.  Paper copies stored in locations (i) and (ii) shall be maintained at all times in a locked and secure area.

8.7   All source code made available for inspection shall be organized in the same directory structure as the source code is kept and/or compiled in the ordinary course of business.  Further, to the extent files for one particular version of source code are grouped together in a single folder in the ordinary course of the Producing Party's business, the Producing Party shall produce the source code in that manner.  If, for any reasons, source code files are not produced for review, the parties agree to promptly meet and confer over whether such missing source code is necessary to understand the relevant operation of the accused products and over the production of any such necessary source code files in a timely manner in the format described above.

8.8   The Receiving Party shall maintain a log of all Source Code files, or documents or things marked "RESTRICTED CONFIDENTIAL – SOURCE CODE," that are printed or photocopied, as well as the name and address of each person who has had access to such printed or photocopied pages.  The Producing Party shall be entitled to this log on one business day's advance notice.

8.9   The Producing Party may maintain a Source Code Access Log identifying, for each and every time any Source Code is viewed, or accessed at the secure location: (1) the name of each person who accessed the Source Code; (2) the date and time of access; and (3) the length of time of access.

8.10 No Party shall physically, magnetically, digitally, optically, or otherwise copy by any means, any Source Code, or documents or things

16

that another Party has designated "RESTRICTED CONFIDENTIAL –
SOURCE CODE," subject to the exceptions enumerated above.

8.11  Outside personal electronic devices, such as phones and other
handheld devices, but not laptops or other personal computers, shall be
permitted in the secure room, but may not be used to store, record, or take
notes regarding the source code.

8.12  The Producing Party may visually monitor the activities of the
Receiving Party during any Source Code inspection, but only to ensure
that there is no unauthorized recording, copying, or transmission of the
Source Code.  The Producing Party will not interfere with any work-
product or listen to other private communications between the Receiving
Party reviewing the Source Code.  The Producing Party shall not
undertake any effort to determine which pages or portions of source code
have been reviewed.  The Producing Party shall not videotape the actual
review of the source code by the Receiving Party.

9.    **PROCEDURE FOR DESIGNATING MATERIAL**.  Subject to
the limitations set forth in this Order, a Designating Party may: designate as
"CONFIDENTIAL" information that the Designating Party believes, in good
faith, meets the definition of Confidential Material set forth in Section 1.7 above;
designate as "ATTORNEYS' EYES ONLY" information that it believes, in
good faith, meets the definition of Attorneys' Eyes Only Material set forth in
Section 1.8 above; and designate as "RESTRICTED CONFIDENTIAL –
SOURCE CODE" information that it believes, in good faith, meets the definition
of Restricted Confidential – Source Code Material set forth in Section 1.9 above.

9.1   Except as provided above in Section 8 with respect to
"RESTRICTED CONFIDENTIAL – SOURCE CODE" Material, any
Material (including physical objects) made available for inspection by
counsel for the Receiving Party prior to producing copies of selected items

shall initially be considered, as a whole, to constitute "ATTORNEYS' EYES ONLY" information, and shall be subject to this Order.  Thereafter, the Producing Party shall have ten (10) calendar days from the inspection to review and designate the appropriate documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" prior to furnishing copies to the Receiving Party.

      9.2   Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be designated in accordance with this Section before the Material is disclosed or produced.  In addition to the marking of documents and things with the appropriate level of confidentiality as provided in this Order, all documents and things produced by a Producing Party shall be numbered using a prefix bearing the Producing Party's name or an abbreviation thereof.

      9.3   Designation in conformity with this Order shall be made as follows:

    (a)   For information in documentary form (apart from transcripts of depositions,), the Producing Party shall affix the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" on each page that contains Designated Material.

    (b)   For testimony given in deposition, the Designating Party shall specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE."  In the case of depositions, the Designating Party may also designate any portion of a deposition transcript as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or

18

1  "RESTRICTED CONFIDENTIAL – SOURCE CODE" by

2  informing the reporter, and opposing Parties, in writing within

3  thirty (30) calendar days of completion of the deposition of the

4  designations to be applied. All deposition transcripts not

5  marked at least "ATTORNEYS' EYES ONLY" during the

6  deposition will nonetheless be treated as "ATTORNEYS'

7  EYES ONLY" until the thirty (30) day period has expired.

8  Transcript pages containing Designated Material must be

9  separately bound by the court reporter, who must affix to the

10  top of each such page the legend "CONFIDENTIAL,"

11  "ATTORNEYS' EYES ONLY," or "RESTRICTED

12  CONFIDENTIAL – SOURCE CODE" as instructed by the

13  Designating Party.

14  (c)  For information produced in some form other than

15  documentary, and for any other tangible items, the Producing

16  Party shall affix in a prominent place on the exterior of the

17  container or containers in which the information or thing is

18  stored the legend "CONFIDENTIAL", "ATTORNEYS' EYES

19  ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE

20  CODE" to the extent reasonably practical.

21  (d)  The provisions of this sub-section 9.3 do not apply to

22  documents produced in native format. Documents produced in

23  native format will have their respective confidentiality

24  designation identified in the filename of the native file.

25  9.4   In the event that a Producing Party mistakenly or inadvertently

26  fails to stamp or otherwise designate a document or other information as

27  "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "RESTRICTED

28  CONFIDENTIAL – SOURCE CODE" at the time of its production, it

19

may be corrected by written notification to counsel for the Receiving Party, and the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order.  The Receiving Party and other authorized recipients of such documents or information shall not be responsible for any otherwise prior actions taken with respect to such documents or information before receiving notice of the designation.  Upon designation the Receiving Party shall take reasonable efforts to retrieve such information from individuals unauthorized to access it and to ensure that the information is treated consistent with its designation and this Protective Order.

10.   **GENERAL USE OF DESIGNATED MATERIAL**.  Unless otherwise ordered by the Court, or agreed to in writing by the Parties, all Designated Material, and all information derived therefrom, shall be used by the Receiving Party only for purposes of this Action and the related actions filed by McRo, Inc. d.b.a. Planet Blue in the District of Delaware on November 21, 2012, where the Producing Party is a party to that litigation, except as provided for in this Order.  Designated Material shall not be used for any other purpose including, but not limited to, any business, proprietary, commercial, legal/other litigation, arbitration or claim, or governmental purpose.  Information contained or reflected in Designated Material shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

10.1 Nothing in this Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made

in a manner that is reasonably calculated to maintain the confidentiality of the information.

10.2 Nothing in this Order shall limit a Receiving Party from making use of or disclosing documents and/or things that (a) were lawfully in its possession prior to receipt of such information from a Producing Party; (b) appear in any published material available to the Producing Party's trade or business, available to the public, or otherwise become available within the public domain, other than as a consequence of the Receiving Party's breach of any obligation not to disclose the information; or (c) it lawfully obtains subsequent to the Producing Party's disclosure, without obligation of confidence, from a source or sources other than the Producing Party; regardless of whether the same is Designated Material.

10.3 Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Designated Material, but must submit such Designated Material for filing under seal in conformance with Local Rule 79-5.  Material submitted for filing under seal shall bear the title of this matter, an indication of the nature of the contents of such sealed filing, the words "CONFIDENTIAL INFORMATION – UNDER PROTECTIVE ORDER", "ATTORNEYS' EYES ONLY INFORMATION - UNDER PROTECTIVE ORDER", or "RESTRICTED CONFIDENTIAL – SOURCE CODE – UNDER PROTECTIVE ORDER", as appropriate, and a statement substantially in the following form:

> This filing contains confidential information filed in this
> case by (name of party) and its contents shall not be
> displayed or revealed except by order of the Court

21

presiding over this matter.

10.4 This Protective Order shall not bar or otherwise restrict Counsel of Record from rendering advice to his or her client with respect to the Action, and in the course thereof, referring to or relying generally upon his or her examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the content of such information designated as Designated Material contrary to the terms of this Protective Order.

10.5 Designated Material shall not be used in any other way, or for any other purpose, including the acquisition, preparation or prosecution before the Patent Office of any patent application, or in connection with patent licensing.  Any attorney, patent agent, or other person who has accessed items designated by Defendants as "RESTRICTED CONFIDENTIAL — SOURCE CODE" or "ATTORNEYS' EYES ONLY" and which describes the structure and/or operation of Defendants' products in this Action, including schematic diagrams, manufacturing drawings, engineering drawings, engineering notebooks, specifications, research notes and materials, source code, and other technical descriptions and/or depictions, shall not be involved, directly or indirectly, with any of the following: advising on, consulting on, preparing, prosecuting, drafting, editing, amending and/or affecting the scope of patents and patent applications with the exception of U.S. Patent Nos. 6,307,576 or 6,611,278, including, but not limited to, specifications, claims, and/or responses to office actions, before any foreign or domestic agency, including the United States Patent and Trademark Office, where such patent

applications are related to the subject matter of 3D animation and/or lip-synchronization.  These prohibitions are not intended to and shall not preclude counsel from participating in reexamination proceedings on behalf of a Party challenging the validity of any patent, but are intended, inter alia, to preclude counsel from participating directly or indirectly in reexamination or reissue proceedings on behalf of a patentee, excluding any reexamination proceeding of U.S. Patent Nos. 6,307,576 or 6,611,278 not initiated by or on behalf of McRO, Inc. d.b.a. Planet Blue.  These prohibitions shall begin when access to the relevant Designated Material is first received by the affected individual, and shall end one year after final resolution of this action, including all appeals.

11.   **NO WAIVER OF PRIVILEGE**.  Subject to the provisions of Federal Rule of Evidence 502, inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.  If the Producing Party becomes aware of any inadvertent disclosure, the Producing Party may promptly designate any such documents as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity and request in writing return of such documents to the Producing Party.  Upon such request, the Receiving Party shall immediately retrieve and return or destroy all copies of such document(s).  In turn, the Producing Party shall keep a copy of the document(s) requested to be retrieved and returned or destroyed, and shall create a privilege log for all such documents requested to be returned or destroyed, regardless of the date of the document, (for example, if the document would not have otherwise needed to be placed on the privilege log subject to Section 13 of this Order) and designate them as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity,

23

along with the appropriate identifying information.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court or by otherwise presenting to the Court (if requested by the Court); provided, however, that such challenge shall not assert as a ground for challenge the fact of the initial production or inspection of the documents later designated as attorney-client privileged, work product, or subject to another applicable privilege or immunity, and shall not refer to the content of the inadvertently-produced items.

    12.    **CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**. The Parties will use reasonable care when designating information as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE."   Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as Confidential Material, Attorneys' Eyes Only Material, or Restricted Confidential – Source Code Material have been improperly designated.  A Receiving Party may, at any time, request that the Producing Party cancel or modify the confidentiality designation with respect to any document or information contained therein.  A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall identify particularly the documents or information that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes in accordance with all applicable rules including L.R. 37. If agreement cannot be reached, the Receiving Party shall request that the Court cancel or

1  modify a "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or

2  "RESTRICTED CONFIDENTIAL – SOURCE CODE" designation.

3        13.  **COMMUNICATIONS BETWEEN PARTIES AND COUNSEL**

4  **OF RECORD**.  Responsive documents and things subject to the attorney-client

5  privilege, work product protection, and/or other applicable protection/immunity,

6  including privileged or protected communications between a Party and its

7  respective Counsel of Record, occurring after the date of filing of Planet Blue's

8  initial Complaints or the date of retention of litigation Counsel of Record,

9  whichever came first, need not be produced or disclosed on a privilege log in

10  response to a discovery request served by another Party, absent an order of the

11  Court, except as required to rely on an opinion of counsel as part of a defense in

12  this Action.  This agreement is without prejudice to any Party's ability to make a

13  particularized request for a limited privilege log relating to specific documents,

14  or upon an appropriate showing of the potential discoverability of the documents

15  over any privilege or protection objections.

16        14.  **EXPERT REPORTS, DECLARATIONS AND**

17  **COMMUNICATION**.  For experts retained in anticipation of or in connection

18  with this Action, documents constituting drafts of expert reports and

19  declarations, and documents constituting notes created by or for an expert in

20  connection with preparation of his or her expert report or declaration, shall not

21  be discoverable and need not be preserved unless the expert relies upon such

22  drafts and/or notes.  Work product materials, including communications,

23  generated in connection with non-testifying experts and consultants who are

24  retained solely in anticipation of or in connection with the above-captioned

25  litigation, shall not be discoverable absent an order by the Court.  Conversations

26  or communications between counsel and any testifying expert or consultant shall

27  not be discoverable absent an order by the Court, except to the extent such

28  conversations or communications are relied upon by the expert.

15.   **UNAUTHORIZED DISCLOSURE**.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

16.   **NON-PARTY USE OF THIS PROTECTIVE ORDER**.  A non-party that produces Material voluntarily, or pursuant to a subpoena or a court order, may designate such Material in the same manner, and shall receive the same level of protection under this Protective Order, as any Party to this lawsuit.A non-party's use of this Protective Order to protect its Confidential Material, Attorneys' Eyes Only Material, or Restricted Confidential – Source Code Material does not entitle that non-party access to Confidential Material, Attorneys' Eyes Only Material, or Restricted Confidential – Source Code Material produced by any Party in this case.  Any non-party who is subpoenaed or whose documents, things, or other items are otherwise requested in connection with this action must be provided a copy of this Protective Order and be made aware of their right to produce documents pursuant thereto.

17.   **MATERIAL SUBPOENAED IN OTHER LITIGATION**.  If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE," the Receiving Party must so notify the Producing Party, in writing (by fax and email) promptly, and in no event more than five (5) calendar days after receiving the subpoena or order. Such

notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.  The Receiving Party must also cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Designated Material may be affected.  If the Producing Party timely seeks a protective order, the party served with a subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE," before a determination by the court from which the subpoena or order issued, unless the party has obtained the Producing Party's permission. The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

18. **WAIVER OF NOTICE PROVISIONS**.  Any of the notice requirements herein may be waived, in whole or in part, but only by a writing from the Counsel of Record for the Party against whom such waiver will be effective.

19. **MODIFICATION AND OBJECTIONS**.  This Order is entered without prejudice to the right of any Party to apply to the Court at any time for modification of this Order, when convenience or necessity requires.  Nothing in this Order abridges the right of any person to seek to assert other objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any

27

ground to the use in evidence of any of the material covered by this Protective Order. The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

20. **JURISDICTION**. The United States District Court for the Central District of California, Western Division, is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Designated Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the Central District of California, Western Division. Every individual who has signed the "Acknowledgement and Agreement To Be Bound By Confidentiality Order" attached as Exhibit A, or who received any Designated Material, agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

21. **FINAL DISPOSITION**. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this Action as to the Producing Party, all Parties, persons, and entities (including experts and consultants) who received Designated Material shall make a good faith effort to destroy or return to Counsel of Record for the Producing Party all Designated Material and any and all copies of such Designated Material. In the case of material designated "RESTRICTED CONFIDENTIAL – SOURCE CODE," the Receiving Party must return (not destroy) the material.The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into

28

1   evidence at trial, legal memoranda, correspondence, attorney work product, and

2   legal files, even if such materials contain Designated Material.  Any such

3   archival copies that contain or constitute Designated Material remain subject to

4   this Protective Order as set forth in Section 20, below.

5       22.   **DURATION**.  Even after the termination of this Action, the

6   confidentiality obligations imposed by this Order shall remain in effect until a

7   Designating Party agrees otherwise in writing or a court order otherwise directs.

8

9   DATED: <u>May 21, 2014</u>          <u>/S/ FREDERICK F. MUMM</u>
                                       The Honorable Frederick F. Mumm
10                                      United States District Magistrate Judge

29

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| McRO, Inc., d.b.a. Planet Blue,<br><br>     Plaintiff,<br><br>  v.<br><br>Codemasters USA Group, Inc. and The Codemasters Software Company Limited,<br><br>     Defendants. | **CASE No. 2:14-cv-00389-GW (FFMx)**<br><br>**Honorable George H. Wu**<br><br>**EXHIBIT A:<br>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| McRO, Inc., d.b.a. Planet Blue,<br><br>     Plaintiff,<br><br>  v.<br><br>Codemasters, Inc. and The Codemasters Software Company Limited,<br><br>     Defendants. | **CASE No. 2:14-cv-00439-GW (FFMx)**<br><br>**Honorable George H. Wu** |

I, _____ [print or type full name], of _____ hereby affirm that:

Information, including documents and things designated as "Confidential," "Attorneys' Eyes Only," or "Restricted Confidential—Source Code," as defined in the Protective Order entered in this Litigation, will be provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.  I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential, Attorneys' Eyes Only, or Restricted Confidential – Source Code information disclosed to me pursuant to the Protective Order except for purposes of this Litigation and not to disclose any of this information to persons, other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated the information as confidential or by order of the Court.

DATED: _____

CITY, STATE WHERE SWORN AND SIGNED: _____

PRINTED NAME: _____

SIGNATURE: _____

1    **UNITED STATES DISTRICT COURT**

2    **CENTRAL DISTRICT OF CALIFORNIA**

3    **WESTERN DIVISION**

4

5    McRO, Inc., d.b.a. Planet Blue,                    **CASE No. 2:14-cv-00389-GW (FFMx)**

6                        Plaintiff,                     **Honorable George H. Wu**

7            v.                                         **EXHIBIT B: CERTIFICATION OF**
                                                        **CONSULTANT**
8    Codemasters USA Group, Inc. and
     The Codemasters Software Company
9    Limited,

10
                         Defendants.
11

12   _____

13   McRO, Inc., d.b.a. Planet Blue,                    **CASE No. 2:14-cv-00439-GW (FFMx)**

                         Plaintiff,                     **Honorable George H. Wu**
14
             v.
15
     Codemasters, Inc. and The
16   Codemasters Software Company
     Limited,
17
                         Defendant.
18

19   _____

20

21

22          I, _____ [print or type

23   full name], of _____ hereby affirm that:

24          Information, including documents and things designated as "Confidential,"

25   "Attorneys' Eyes Only," or "Restricted Confidential – Source Code," as defined in

26   the Protective Order entered in this Litigation, is being provided to me pursuant to

27   the terms and restrictions of the Protective Order. I have been given a copy of and

28   have read the Protective Order.

1        I am familiar with the terms of the Protective Order and I agree to comply

2    with and to be bound by its terms.  I submit to the jurisdiction of this Court for

3    enforcement of the Protective Order.

4        I agree not to use any Confidential, Attorneys' Eyes Only, or Restricted

5    Confidential – Source Code information disclosed to me pursuant to the Protective

6    Order, except for purposes of this Litigation, and not to disclose any of this

7    information to persons, other than those specifically authorized by the Protective

8    Order, without the express written consent of the Party who designated the

9    information as confidential or by order of the Court.  I also agree to notify any

10   stenographic, clerical or technical personnel who are required to assist me of the

11   terms of this Protective Order and of its binding effect on them and me.

12       Pursuant to Section 6 of the attached Protective Order, I have provided (a)

13   my name and business title; (b) my business address; (c) my business or

14   profession; (d) my CV; (e) any previous or current relationship (personal or

15   professional) with any of the parties or their affiliates; (f) a list of other cases in

16   which I have testified (at trial or by deposition) within the last four years; (g) a list

17   of all companies with which I have consulted or by which I have been employed

18   within the last four years; and (h) a signed copy of the "Acknowledgement and

19   Agreement To Be Bound By Protective Order" attached as Exhibit A.

20       I understand that I am to retain all documents or materials designated as or

21   containing Confidential, Attorneys' Eyes Only, or Restricted Confidential – Source

22   Code information in a secure manner, and that all such documents and materials

23   are to remain in my personal custody until the completion of my assigned duties in

24   this matter, whereupon all such documents and materials, including all copies

25   thereof, and any writings prepared by me containing any Confidential, Attorneys'

26   Eyes Only, or Restricted Confidential– Source Code information are to be returned

27   to counsel who provided me with such documents and materials.

28

DATED: _____

CITY, STATE WHERE SWORN AND SIGNED: _____

PRINTED NAME: _____

SIGNATURE:

_____